**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**William Harvey FLOYD, David Michael Floyd, George Samuel Floyd, Ronald Martis Ray and Manuel Bocardo Garcia, Jr., Defendants-Appellants.**

No. 81–2227
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 19, 1982.

Rehearings Denied Aug. 30, 1982.

---

Thomas G. Sharpe, Jr., Brownsville, Tex., for Floyds and Ray.

Eduardo Roberto Rodriguez, Brownsville, Tex., for Garcia.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and GARZA, Circuit Judges.

PER CURIAM:

Appellants appeal their various drug convictions and we affirm. Two points only merit brief discussion.

■ Complaint is made of the admission in evidence of certain tapes of a conversation, one ground of complaint being that some of the elements enumerated for admissibility of such tapes in the Eighth Circuit opinion of *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974), were not established. We do not recognize *McMillan*'s test in this circuit. *United States v. Anderton*, 679 F.2d 1199 (5th Cir. 1982); *United States v. Biggins*, 551 F.2d 64 (5th

Cir. 1977). All that is required under our rule is proof of

> the competency of the operator, the fidelity of the recording equipment, the absence of material ... alterations in the relevant portions of the recording, and the identification of the relevant speakers.

551 F.2d at 66. We conclude that the showing made here sufficed, under the broad discretion accorded trial courts in the admission of evidence, to comply with the test of our court.

■ Appellants also complain of the warrantless search of the trunk of an automobile which one of them, David Michael Floyd, was driving when he was apprehended. The record, however, establishes probable cause for the arresting officers to have believed that the vehicle in question was transporting contraband—the drugs actually discovered by the search. The remaining question raised by the opening of containers discovered in that trunk, containers that may have been opaque,[1] has been settled by the intervening decision of the United States Supreme Court in *United States v. Ross*, —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

AFFIRMED.

---

1. The record is likewise opaque on this point.